United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Damian A. Fletcher, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-62551-Civ-Scola |
| | ) | |
| S. Miller, and others, Defendants. | ) | |

### **Order Denying Plaintiff's Motion For Reconsideration**

This matter is before the Court on Damian A. Fletcher's motion for reconsideration of the Court's Order Adopting Magistrate's Report and Recommendation, which adopted Magistrate Judge White's recommendation that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted. (Mot., ECF No. 25.) Judge White construed the Complaint as challenging the lawfulness of Fletcher's arrest, his continued detention, the criminal charges against him, and the actions of the state prosecutors. (Report, ECF No. 7.) Judge White recommended that the Court dismiss the Complaint because Fletcher's criminal case was still pending at the time he filed the Complaint. (*Id.* at 6-12.) In addition, Judge White noted that prosecutors are immune from § 1983 suits relating to activities that are intimately associated with the judicial phase of the criminal process, and found that the Complaint failed to state a claim for a constitutional violation against the prosecutor's supervisor. (*Id.* at 12-13.) Finally, Judge White opined that Fletcher's slander claim did not rise to the level of a due process violation. (*Id.* at 15.)

Rule 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). Rule 60(b) permits a court to relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

Fletcher filed a Description of Violations and Facts to Support Claim (the "Description") in support of his motion for reconsideration (ECF No. 26). As a threshold matter, the Court notes that multiple pages of the Description are illegible. (*Id.* at 20-29.) However, the majority of the pages that are legible simply elaborate on the allegations set forth in the Complaint and Amended Complaint. Fletcher has not alleged that he has discovered new evidence, and he has not demonstrated that the Court's previous decision was based on a manifest error of law or fact.

The only new piece of information in the motion is that Fletcher's criminal case has been dismissed. (Mot. 1.) However, the dismissal of the criminal case does not constitute newly-discovered evidence, nor does it justify reconsideration under any of the Rule 60(b) factors. Moreover, a review of the state court record reveals that Fletcher's case was nolle prossed. To the extent that Fletcher is attempting to utilize the dismissal of his case to revive his malicious prosecution claim, he must "present evidence that the nol pros was not the result of a negotiated plea or bargain." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1356 (Fla. 1994). It is unclear from Fletcher's allegations whether the nol pros was the result of a negotiated plea or bargain.

Accordingly, the Court **denies** the motion for reconsideration, as well as Fletcher's request that the Court appoint an attorney to represent him (**ECF No. 25**). If Fletcher wishes to re-assert the claims that were dismissed because his criminal case was still pending at the time he filed the Complaint, he must file a new complaint pursuant to Federal Rule of Civil Procedure 3.

**Done and ordered** in chambers at Miami, Florida on February 13, 2018.

_____
Robert N. Scola, Jr.
United States District Judge